[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Ronald F. Petronella, Commissioner of the State Department of Labor, has brought this action under General Statutes § 31-72, wherein he seeks to collect unpaid wages on behalf of Patricia L. Richardson. In his amended complaint dated September 19, 1995 he alleges that in January of 1991 Richardson was employed by defendant Combined Insurance Company of America ("Combined") as a branch manager in defendant's Life Division. He alleges that, pursuant to a written contract, Richardson was paid an annual salary of $12,000 plus overrides on all sales made through the territory she managed, and commissions on her CT Page 10114 personal sales. He further alleges that Richardson was responsible for writing an annuity in the amount of $537,401.62, and that according to her contract she was to have been paid a 3% commission on the sale $16,122.04). Plaintiff claims that Combined arbitrarily and in bad faith withheld said "wages" earned by Richardson and improperly paid them to another agent instead. The other agent was at the time the son-in-law of the regional manager. By way of General Statutes § 31-72 plaintiff seeks to collect double damages $16,122.04 X 2 = $32,244.08, together with reasonable attorney's fees, interest, and costs. Defendant has denied that Richardson is entitled to any wages and alleges that she has been paid all commissions due her under her employment contract. Defendant further alleges that Richardson was paid an override on the annuity which she claims she was responsible for writing.
A trial to the court was held on May 29, June 3, and June 4, 1997. After hearing all the evidence, the court finds that Richardson was not entitled to the commission she now seeks on the sale of the annuity in question. She was however, entitled to a managerial override in the amount of $1,343.50 on the sale and was in fact paid for that override. The 3% commission ($16,122.22) was paid correctly to Robert Warren, the writing agent for the policy.
At the time of the sale of the annuity in question Richardson was employed by Combined as a branch manager. She was appointed "as a managing field sales employee . . . for the Superior Policy Division to act for the Company in recruiting, supervising, and working with teams of the Company's field sales employees . . ." According to her contract, she was to be paid a base salary of $12,000. In addition, she was to be paid overrides on business produced by branch personnel reporting through area managers. Also, she was to receive a percent of field renewal premiums, as well as bonuses. In addition, she was entitled to a commission on business which she personally produced. (Plaintiff's Exhibit 4). In the year 1991 she earned approximately $50,000. Robert Warren, as an agent was entitled to be paid on a commission basis only and was guaranteed no annual salary.
Richardson's employment contract and the testimony or the parties all lead to the conclusion that Richardson as a field trainer was not entitled to anything more than an override during any time when she was in a training session with an agent. She CT Page 10115 was only entitled to a commission for business which she personally produced and only in those cases and times when she was not training an agent. At the time the annuity in question was sold to the Beeces, Richardson was in training sessions with Warren, the agent.
Several days before May 22, 1991 Sebastian Milano, who was Combined's regional manager and Richardson's supervisor, requested that Richardson help field train Robert Warren. Accordingly, Richardson and Warren met on May 22nd and drove to the house of Rocco and Beatrice Beece. Warren had received the Beece's name from a lead card which indicated that the Beeces had an accident and health policy with Combined. While at the Beeces Warren attempted to sell to Mr. Beece a life insurance policy. Mr. Beece wasn't interested. However, he did show some interest in purchasing an annuity. Subsequently Richardson and Warren went back to see the Beece's on June 26, 1991, at which time Mr. Beece agreed to purchase an annuity. Richardson claimed that she did all the talking in regard to persuading Beece to purchase the annuity and that she did all of the work to complete the transaction. The court finds this not to be the case, and that both Richardson and Warren worked together on the sale. Also, the fact remains that the meetings with the Beeces consisted of training sessions and thus Richardson was entitled to no more than the override which she received.
As stated above, Richardson would only have been entitled to the commission if she had personally and solely produced the business. Every witness who was a present or former employee of Combined testified that "personal production" was selling alone, selling individually, and not while field training.
Richardson herself had publicly announced that Warren was the writing agent and had earned the sales commission. This admission was made at a meeting at the Howard Johnson's Long Wharf restaurant in New Haven. In addition, she also announced that Warren was the writing agent and had earned the sales commission at a regional meeting in Hyannis, Massachusetts. Clearly, Warren and not Richardson was entitled to the commission.
In summary, the court finds that the plaintiff has failed to prove that Richardson was entitled to a commission on the sale of the annuity. CT Page 10116
Accordingly, judgment may enter for both defendants.
Allen, Judge Trial Referee